IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY L. KOCH                                              PLAINTIFF

vs.                    Civil No. 3:18-cv-3079

ANDREW SAUL[1],                                DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Tammy L. Koch, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

1. **<u>Background</u>:**

Plaintiff protectively filed her application for DIB and SSI on August 15, 2014. (Tr. 10, 347)[2]. In her application, Plaintiff alleged being disabled because of the following: degenerative disc disease, a bulging disc, irritable bowel syndrome, depression, anxiety, bipolar disorder, and posttraumatic stress disorder, with an alleged onset date of July 16, 2012. (Tr. 10, 138, 327, 373, 379). These applications were denied initially and again upon reconsideration. (Tr. 10). Plaintiff requested an administrative hearing and that administrative hearing was held on October 21, 2015. (Tr. 219-233). At this hearing, Plaintiff appeared and requested a postponement of the hearing to allow her to seek representation, the ALJ granted the postponement. *Id*. A second administrative hearing was held on April 20, 2016. (Tr. 180-217). At this hearing, Plaintiff was present and represented herself. (Tr. 182). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (Tr. 180-217).

Following this hearing, on September 25, 2017, the ALJ entered a partially favorable decision. (Tr. 7-32). The ALJ found Plaintiff had last met the insured status requirements of the Act through December 31, 2016. (Tr. 13, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 13, Finding 2). The ALJ found Plaintiff did not have a severe impairment prior to February 1, 2014. (Tr. 14, Finding 3). The ALJ determined Plaintiff had the following severe impairments from February 1, 2014, through December 12, 2016: degenerative disc disease of the lumbar spine, status post-surgery; chronic pain syndrome; obesity; depressive disorder not otherwise specified; posttraumatic stress disorder; and borderline and dependent personality traits. (Tr. 14, Finding 4). Despite being

---

2 References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 8, These references are to the page number of the transcript itself not the ECF page number.

severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings") for the time period between February 1, 2014, and December 12, 2016. (Tr. 14-15, Finding 5).

The ALJ considered Plaintiff's subjective complaints and determined her RFC for the above time period. (Tr. 15-19). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were generally consistent with the evidence during the above time period. (Tr. 16). The ALJ determined Plaintiff retained the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except that she was limited to occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and no concentrated exposure to hazards, including not driving as part of work. The claimant was able to perform work where interpersonal contact is incidental to work performed; the complexity of tasks is learned and performed by rote, with few variables and little use of judgment; and supervision required is simple, direct, and concrete. However, due pain, she would miss two or more days of work per month on a regular and consistent basis
> *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and, based upon the testimony of the VE, determined Plaintiff was incapable of performing any of her PRW from February 1, 2014, through December 12, 2016. (Tr. 19). The ALJ found there were no jobs that existed in significant numbers in that national that Plaintiff could have performed during that time period, and found Plaintiff was disabled from February 1, 2014, through December 12, 2016. (Tr. 20-21, Findings 11, 12).

The ALJ found Plaintiff had not developed any new impairments since December 13, 2016, and thus her impairments were the same as those present from February 1, 2014, through December 12, 2016. (Tr. 21, Finding 13). The ALJ found Plaintiff had not had a severe impairment or combination of impairments that met or medically equaled an

3

impairment in the listings since December 13, 2016).  (Tr. 21-22, Finding 14).  The ALJ found medical improvement had occurred as of December 13, 2016, and that it related to Plaintiff's ability to work because there had been an increase in her RFC.  (Tr. 22, Findings 15, 16).

The ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 22-25, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her statements about the intensity, persistence, and limiting effects of her impairments were not consistent with the medical evidence of record beginning December 13, 2016.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except that she was limited to occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and no concentrated exposure to hazards, including not driving as part of work. The claimant was able to perform work where interpersonal contact is incidental to work performed; the complexity of tasks is learned and performed by rote, with few variables and little use of judgment; and supervision required is simple, direct, and concrete.
> *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 22-25, Finding 17).  The ALJ determined Plaintiff was still not capable of performing her past relevant work.  (Tr. 25, Finding 18).  The ALJ found that, beginning on December 13, 2016, there were jobs in the significant numbers in the national economy that Plaintiff could perform.  (Tr. 25-26, Finding 22).  The ALJ found Plaintiff could perform the representative occupations of: small item inspector with approximately 20,000 jobs in the nation, table worker with approximately 9,000 jobs in the nation, or a small product assembler with approximately 20,000 jobs in the nation.  *Id*.  Based upon this finding, the ALJ determined Plaintiff's disability had ended on December 13, 2016.  (Tr. 26, Finding 23).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 344-46). On May 23, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On July 23, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 10, 11. This case is now ready for decision.

**2.** **<u>Applicable Law</u>:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant

5

can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred on four points: 1) whether the ALJ failed to properly apply the medical improvement standard before finding Plaintiff was able to work beginning on December 13, 2016; 2) whether the ALJ failed to properly assess Plaintiff's subjective complaints; 3) whether the ALJ's RFC determination accommodated Plaintiff's use of an assistive device for ambulation and balance; and 4) whether the Appeals Council properly declined Plaintiff's proffer of additional evidence. ECF No. 10, p. 7. In response, Defendant argues: 1) Substantial evidence supported the ALJ's finding of medical improvement related to Plaintiff's ability to work; 2)The ALJ properly considered Plaintiff's complaints of pain; 3) Substantial evidence supported the ALJ's RFC determination and her use of an assistive device was taken into account by the RFC finding; and 4) The Appeals Council properly determined Plaintiff's additional evidence did not provide a basis for changing the ALJ's decision. ECF No. 11, pp. 5-14.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 9th day of September 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE