IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**TAMMY L. KOCH**                                                                                                    **PLAINTIFF**

vs.                                              Civil No. 3:18-cv-3079

**KILOLO KIJAKAZI,**                                                                                              **DEFENDANT**
**Commissioner, Social Security Administration**

### MEMORANDUM OPINION

Plaintiff, Tammy L. Koch, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background:**

Plaintiff protectively filed her application for DIB and SSI on August 15, 2014. (Tr. 10, 347)[1]. In her application, Plaintiff alleged being disabled because of the following: degenerative disc disease, a bulging disc, irritable bowel syndrome, depression, anxiety, bipolar disorder, and posttraumatic stress disorder, with an alleged onset date of July 16, 2012. (Tr. 10, 138, 327, 373, 379). These applications were denied initially and again upon reconsideration. (Tr. 10). Plaintiff requested an administrative hearing, and that hearing was held on October 21, 2015. (Tr. 219-233). At the hearing, Plaintiff appeared and requested a postponement of the hearing to allow her to seek representation, the ALJ granted the postponement. *Id*. A second administrative hearing was held on April 20, 2016. (Tr. 180-217). At this hearing, Plaintiff was present and represented herself. (Tr. 182). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (Tr. 180-217).

Following this hearing, on September 25, 2017, the ALJ entered a partially favorable decision. (Tr. 7-32). The ALJ found Plaintiff had last met the insured status requirements of the Act through December 31, 2016. (Tr. 13, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 13, Finding 2). The ALJ found Plaintiff did not have a severe impairment prior to February 1, 2014. (Tr. 14, Finding 3). The ALJ determined Plaintiff had the following severe impairments from February 1, 2014, through December 12, 2016: degenerative disc disease of the lumbar spine, status post-surgery; chronic pain syndrome; obesity; depressive disorder not otherwise specified; posttraumatic stress disorder; and borderline and dependent personality traits. (Tr. 14, Finding 4). Despite being

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 8, These references are to the page number of the transcript itself not the ECF page number.

severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings") for the time period between February 1, 2014, and December 12, 2016. (Tr. 14-15, Finding 5).

The ALJ considered Plaintiff's subjective complaints and determined her RFC for the above time period. (Tr. 15-19). The ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were generally consistent with the evidence during the above time period. (Tr. 16). The ALJ determined Plaintiff retained the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except that she was limited to occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and no concentrated exposure to hazards, including not driving as part of work. The claimant was able to perform work where interpersonal contact is incidental to work performed; the complexity of tasks is learned and performed by rote, with few variables and little use of judgment; and supervision required is simple, direct, and concrete. However, due pain, she would miss two or more days of work per month on a regular and consistent basis
> *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and, based upon the testimony of the VE, determined Plaintiff was incapable of performing any of her PRW from February 1, 2014, through December 12, 2016. (Tr. 19, Finding 7). The ALJ found there were no jobs that existed in significant numbers in the nation that Plaintiff could have performed during that time period, and found Plaintiff was disabled from February 1, 2014, through December 12, 2016. (Tr. 20-21, Findings 11, 12).

The ALJ found Plaintiff had not developed any new impairments since December 13, 2016, and thus her impairments were the same as those present from February 1, 2014, through December 12, 2016. (Tr. 21, Finding 13). The ALJ found Plaintiff had not had a severe impairment or combination of impairments that met or medically equaled an impairment in the

listings since December 13, 2016). (Tr. 21-22, Finding 14). The ALJ found medical improvement had occurred as of December 13, 2016, and that it related to Plaintiff's ability to work because there had been an increase in her RFC. (Tr. 22, Findings 15, 16).

The ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 22-25, Finding 17). First, the ALJ evaluated Plaintiff's subjective complaints and found her statements about the intensity, persistence, and limiting effects of her impairments were not consistent with the medical evidence of record beginning December 13, 2016. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except that she was limited to occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, crouching, and crawling; and no concentrated exposure to hazards, including not driving as part of work. The claimant was able to perform work where interpersonal contact is incidental to work performed; the complexity of tasks is learned and performed by rote, with few variables and little use of judgment; and supervision required is simple, direct, and concrete.
> *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22-25, Finding 17). The ALJ determined Plaintiff was still not capable of performing her past relevant work. (Tr. 25, Finding 18). The ALJ found that, beginning on December 13, 2016, there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 25-26, Finding 22). The ALJ found Plaintiff could perform the representative occupations of: small item inspector with approximately 20,000 jobs in the nation, table worker with approximately 9,000 jobs in the nation, or a small product assembler with approximately 20,000 jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff's disability had ended on December 13, 2016. (Tr. 26, Finding 23).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 344-46). On May 23, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On July 23, 2018, Plaintiff filed the present appeal. ECF No. 1.

On September 9, 2019, this Court affirmed the decision of the SSA. ECF Nos. 12, 13. On November 6, 2019, Plaintiff appealed her case to the United States Court of Appeals for the Eight Circuit. ECF No. 14. On September 9, 2021, the United States Court of Appeals for the Eight Circuit reversed the judgment of this Court and remanded the matter for proceedings consistent with its opinion. ECF No. 18.

**2.**     **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred on four points: (1) whether the ALJ failed to properly apply the medical improvement standard before finding Plaintiff was able to work beginning on December 13, 2016; (2) whether the ALJ failed to properly assess Plaintiff's subjective complaints; (3) whether the ALJ's RFC determination accommodated Plaintiff's use of an assistive device for ambulation and balance; and (4) whether the Appeals Council properly declined Plaintiff's proffer of additional evidence. ECF No. 10, p. 7.

Consistent with the holding of the Court of Appeals, this Court finds the ALJ's RFC determination beginning December 13, 2016, is not supported by substantial evidence on the record as a whole. Specifically, the ALJ erred in making the RFC determination by (A) improperly discounting Plaintiff's complaints of pain, (B) according inappropriate weight to the medical opinions of record, and (C) drawing improper inferences from the medical records.

**A. Subjective Complaints of Pain**

Plaintiff argues the ALJ erroneously discounted her allegations regarding her pain. "The ALJ may discount subjective complaints of pain if inconsistencies are apparent in the evidence as a whole." *Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001) (quoting *Black v. Apfel*, 143 F.3d 383,

6

386 (8th Cir. 1998)).  But "an ALJ may not discount a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Wiese v. Astrue*, 552 F.3d 728, 733 (8th Cir. 2009).

The ALJ found Plaintiff's complaints of pain were inconsistent with the medical evidence based on Dr. Stylianos Rammos' post-surgery follow-up note dated December 13, 2016.  (Tr. 1039).  The ALJ found significant improvement in Plaintiff's condition subsequent to back surgery because according to Dr. Rammos' note, Plaintiff reported she was very satisfied with her overall surgical outcome, and her symptoms had improved significantly.  (Tr. 18).

A physician's opinion as to a patient's satisfaction with their services is not a medical opinion.  This is especially the case when the record fails to provide evidence of the kind of medical improvement that would warrant termination of disability benefits.  A patient's satisfaction with their surgery cannot be presumed to mean reduced pain.

Additionally, improved symptoms do not necessarily mean improved pain, especially considering Plaintiff, in this matter, indicated her pain was an eight out of ten.  (Tr. 1039).  Also, temporary improvement in a patient's symptoms post-operation does not necessarily equate to long-term improvement.

In this matter, the ALJ's reliance of the note of Dr. Rammos is misplaced and the record is not inconsistent with Plaintiff's complaints of pain.  Indeed, the record supports Plaintiff's allegations and does not show her pain has significantly improved since her surgery.

### B. Medical Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the]

record." See SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)). An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p). An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. Id. at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

On December 29, 2016, Dr. Ted Honghiran performed a consultation exam of Plaintiff. (Tr. 1026-1027). Dr. Honghiran indicated Plaintiff: (1) could not walk without a walker; (2) had difficulty getting on and off the examination table; (3) was unable to stand on her tiptoes or heels; (4) was still being followed by Dr. Rammos; (5) complained she had not been doing much better since her surgery; (6) was taking Gabapentin for pain and also Tramadol and Valium for sleep; (7) had difficulty dressing and undressing herself; and (8) her range of motion was severely restricted. *Id.*

Plaintiff had a mental diagnostic evaluation by Dr. Samuel Hester on April 14, 2017. (Tr. 1055-1065). Dr. Hester indicated Plaintiff (1) had made some progress following her back surgery but still complained of chronic pain; (2) current prescriptions were Prozac for depression, Tramadol for pain, Nortriptyline for insomnia, Gabapentin for nerve pain, and Diazepam for muscle spasms; (3) could perform most daily activities; (4) could do her own shopping, but someone had to accompany her to do the lifting; and (5) had the capacity to cope with the mental demands of basic work tasks, but may not be able to complete work tasks within an acceptable timeframe due to pain issues. *Id.*

On April 24, 2017, Plaintiff was seen by Kristie Branscum, APRN, for disability tags for driving. (Tr. 1133-1134). Nurse Branscum indicated Plaintiff continued to have pain in her lower back and numbness in her feet and legs at times; her pain interfered with her activities of daily living; and she suffered from chronic pain syndrome. *Id*.

Here, the ALJ erred in discounting these medical opinions. The ALJ assigned less weight to Dr. Honghiran's report, Dr. Hester's assessment, and Nurse Branscum's medical source statement based on Dr. Rammos's note of December 13, 2016. (Tr. 23). Both Dr. Honghiran and Dr. Hester performed in-person evaluations of Plaintiff. A treating physician's opinion deserves no greater respect than any other physician's opinion when the treating physician's opinion consists of nothing more than vague, conclusory statements. *See Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996).

The ALJ's decision to accord less weight to Drs. Honghiran's and Hester's opinions is not supported by substantial evidence on the record as a whole.

### C. Improper References from Medical Records

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents

9

and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff had a substantial decrease in pain enabling her to resume work activity. This finding was based on the ALJ's reliance of Dr. Rammos' note indicating Plaintiff was satisfied with her surgical outcome. Unlike Dr Honghiran and Dr. Hester, Dr. Rammos did not reference Plaintiff's pain or ability to work. As such, the ALJ improperly drew his own inferences about Plaintiff's RFC. Accordingly, the Court cannot find the ALJ's decision as to Plaintiff's RFC as of December 13, 2016, is supported by substantial evidence in the record.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded for a new medical-improvement evaluation. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of October 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE