IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TAMMY KOCH                                              PLAINTIFF

vs.                           Civil No. 3:18-cv-03079

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                 DEFENDANT

## ORDER

Pending now before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"). ECF No. 22. On December 18, 2021, the parties filed their Stipulation for Allowance of Fees and Expenses Pursuant to the EAJA, 28 U.S.C. § 2412, and Recovery of Costs Under 28 U.S.C. § 1920. ECF No. 28. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4. Pursuant to this authority, the Court issues this Order.

1.    **Background:**

On July 23, 2018, Tammy Koch ("Plaintiff") appealed to the Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On October 6, 2021, Plaintiff's case was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). ECF Nos. 20, 21.

On November 9, 2021, Plaintiff filed this Motion. ECF No. 22. Following this, the parties filed their Stipulation for Allowance of Fees and Expenses Pursuant to the EAJA, 28 U.S.C. § 2412, and Recovery of Costs Under 28 U.S.C. § 1920 stating that Defendant agrees to pay to the Plaintiff attorney fees in the amount of $17,575.00 and expenses in the amount of $733.31 pursuant

to the EAJA, 28 U.S.C. § 2412, and costs in the amount of $1,958.05 under 28 U.S.C. § 1920. ECF No. 28

2.    **Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified.  The Secretary has the burden of proving that the denial of benefits was substantially justified.  *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified").  An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

3.      **Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF Nos. 20, 21. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA.

Based upon the stipulation of the parties, the Court finds Plaintiff is entitled attorney fees in the amount of $17,575.00 and expenses in the amount of $733.31 pursuant to the EAJA, 28 U.S.C. § 2412, and costs in the amount of $1,958.05 under 28 U.S.C. § 1920.

As a final point, *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant. *See Astrue v. Ratliff,* 560 U.S. 586 (2010). Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney. However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's attorney.

4.      **Conclusion:**

Based upon the foregoing, the Court awards Plaintiff attorney fees in the amount of **$17,575.00** and expenses in the amount of **$733.31** pursuant to the EAJA, 28 U.S.C. § 2412, and costs in the amount of **$1,958.05** under 28 U.S.C. § 1920.

**ENTERED this  15th day of December 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

3